**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Robert Steele,<br><br>                    Plaintiff,<br>vs.<br><br>California Safe Roads Alliance, et al.,<br><br>                    Defendants. | Case No. 2:23-cv-02084-JAD-MDC<br><br>**Order**<br><br>Application to proceed in forma pauperis (EFC No. 1) and Complaint (ECF No. 1-1) |

Pro se plaintiff Robert Steele filed an *application to proceed in forma pauperis* (IFP) and a *complaint*. ECF Nos. 1 and 1-1. The Court grants his IFP application and dismisses his complaint with leave to refile. *Id.*

## DISCUSSION

Plaintiff's filings present two questions: (1) whether plaintiff may proceed in forma pauperis under 28 U.S.C. § 1915(e) and (2) whether plaintiff's complaint states a plausible claim for relief.

### I.      Whether plaintiff may proceed in forma pauperis

Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." Plaintiff filled out the long IFP form. ECF No. 1. He states that he is currently unemployed and that his spouse makes $2,300 per month. *Id.* Plaintiff states that he has about $500 in savings and that his rent every month is $1,716.91. *Id.* The Court grants plaintiff's IFP application. *Id.*

**II.     Whether plaintiff's complaint states a plausible claim**

   **a.  Legal standard**

Since the Court grants plaintiff's IFP application, the Court reviews plaintiff's complaint to determine whether the complaint is frivolous, malicious, or fails to state a plausible claim.  28 U.S.C. § 1915(e)(2)(B).  Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Rule 8 ensures that each defendant has "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 346, 125 S. Ct. 1627, 161 L. Ed. 2d 577 (2005). The Supreme Court's decision in *Ashcroft v. Iqbal* states that to satisfy Rule 8's requirements, a complaint's allegations must cross "the line from conceivable to plausible." 556 U.S. 662, 680 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547, (2007)).  Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. A complaint should be dismissed under Rule 12(b)(6), "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992).

"[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  If the Court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment.  *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

   **b.  Complaint**

Plaintiff's allegations are sparse: he alleges that he was arrested (he does not say when he was

arrested) and charged with driving under the influence. ECF No. 1-1. He alleges that the subsequent medical assessment at the hospital showed that he was not intoxicated. *Id.* Plaintiff alleges that he had a prior concussion which led to the officer believing he was drunk. *Id.* He sues the California Safe Roads Alliance and the Mothers Against Drunk Drivers for engaging in a conspiracy pursuant to the Racketeer Influenced and Corrupt Organizations (RICO) Act, 18 U.S.C. §§ 1961-1968.

### i. RICO

The Racketeer Influenced and Corrupt Organizations ("RICO") Act, 18 U.S.C. §§ 1961-1968, which creates a private right of action for persons harmed by the conduct of an enterprise through a pattern of racketeering, defined to include acts indictable under 18 U.S.C. § 1341 and § 1512. 18 U.S.C. §§ 1961, 1964(c). It is not clear from the plaintiff's allegations how the defendants engaged in a conspiracy and are thus responsible for the plaintiff's arrest. Plaintiff also does not state any facts about the defendants to put them on notice of the claims against them per Rule 8. Plaintiff does not state when he was arrested or why he believes these two defendants are engaged in a conspiracy. The pleading fails to allege facts sufficient to establish any of the elements required to state a civil RICO claim. Even if the complaint could somehow be construed to allege that defendants had formed an enterprise, plaintiff has failed to allege that defendants engaged in "a pattern of racketeering activity." See 18 U.S.C. § 1961. The complaint does not allege that defendants engaged in any of the criminal acts that constitute racketeering activity under 18 U.S.C. § 1961(1) and fails to allege "at least two acts of racketeering activity" within ten years under 18 U.S.C. § 1961(5). The Court dismisses the plaintiff's claim against the only two defendants.

### c. Conclusion

Plaintiff fails to articulate a claim or claims against any defendant. It is possible that these deficiencies may be cured through amendment. Plaintiff's complaint is dismissed without prejudice. Plaintiff must file an amended complaint explaining how this Court has jurisdiction over the defendants,

the circumstances of the case, the relief plaintiff seeks, and the law upon which he relies in bringing the case. The amended complaint must be "complete in and of itself without reference to the superseded pleading and must include copies of all exhibits referred to in the proposed amended pleading. LR 15-1(a). The Court also notes that plaintiff is a frequent litigator in this Court, and that his cases are frequently dismissed. The Court warns plaintiff that his behavior is bordering on vexatious.

**It is so Ordered:**

1. That plaintiff Robert Steele's *application to proceed in forma pauperis* (ECF No. 1) is GRANTED.
2. That plaintiff Robert Steele's *complaint* (ECF No. 1-1) is DISMISSED without prejudice.
3. That plaintiff has until **Monday, April 1, 2024** to file an amended complaint addressing the issues discussed above. Failure to timely file an amended complaint that addresses the deficiencies noted in this Order may result in a recommendation for dismissal with prejudice.
4. The Clerk of the Court is directed NOT to issue summons if plaintiff files an amended complaint. The Court will issue a screening order on the amended complaint and address the issuance of summons at that time, if applicable. See 28 U.S.C. § 1915(e)(2).
5. The Court cautions plaintiff Robert Steele that continuing to file duplicative and/or frivolous lawsuits may result in adverse consequences, including possible sanctions or a finding that he is a vexatious litigant.

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal

may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, plaintiffs must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. **Failure to comply with this rule may result in dismissal of the action.**

It is so ordered.

Dated this 29th day of February 2024.

_____
Maximiliano D. Couvillier III
United States Magistrate Judge

5